979 F.2d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee-cross-Appellant,
v.
Bryan Gordon RATHBUN, Defendant-Appellant-cross-Appellee.
 Nos. 91-30310, 91-30332.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1992.
Decided Nov. 19, 1992.
 
 Before D.W. NELSON, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bryan Rathbun was convicted by a jury of conspiracy to avoid and avoidance of currency reporting requirements in violation of 18 U.S.C. §§ 2 and 371, and 31 U.S.C. § 5316. He appeals his conviction on the grounds that (1) the act of a previously acquitted coconspirator may not constitute the overt act for a conspiracy conviction, and (2) it is not a crime to attempt to violate 31 U.S.C. § 5316. The government cross-appeals under 18 U.S.C. § 3742, claiming that the district court erred in not imposing a fine. We have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction but remand for the imposition of a fine within the applicable Guideline range.
 
 1. Acts of an Acquitted Coconspirator
 
 3
 Rathbun was originally indicted with two other individuals. Jerry Steele pleaded guilty to the substantive offense; Ralph Waun was acquitted in a separate trial. Rathbun claims that the district court erred by allowing the prosecution to argue that Waun's acts were overt acts which could support Rathbun's conviction for conspiracy. During closing arguments, the prosecutor stated that "each and every lie told by either Mr. Steele or Mr. Waun or Mr. Rathbun himself is an overt act." Rathbun's objection was overruled.
 
 
 4
 Whether the jury may be allowed to consider comments made in closing argument to which one party objects is reviewed for abuse of discretion. United States v. Diaz, 961 F.2d 1417, 1418 (9th Cir.1992). Similarly, this court has most recently reviewed for abuse of discretion a district court's decision to admit evidence of a coconspirator's statement. United States v. Garza, No. 91-30240 (9th Cir. June 29, 1992). However, an error in the admission of such evidence is harmless if it does not affect substantial rights of the defendant. Id.
 
 
 5
 We need not decide whether the act of a previously acquitted alleged coconspirator may constitute the "overt act" for a conspiracy conviction under 18 U.S.C. § 371 because there was sufficient evidence presented to establish the overt act without relying on Waun's statements or actions. The Superseding Indictment alleged thirteen overt acts, only three of which concerned Waun alone. During closing arguments, the prosecutor identified numerous overt acts committed only by Steele or Rathbun. Furthermore, Steele admitted his actions on the witness stand, pleaded guilty to the substantive offense (itself an overt act), and testified that Rathbun was the one other person with whom he acted. The jury easily could have found the requisite overt act in the independent actions of Rathbun or Steele alone. Any error in the admission or use of Waun's statements thus could not have affected Rathbun's substantial rights. See Garza, slip op. 7425, 7435-36.[1]
 
 2. Attempt to Violate 31 U.S.C. § 5316
 
 6
 Count Two of the indictment alleged that Rathbun, Waun, and Steele violated 18 U.S.C. § 2 and 31 U.S.C. §§ 5316 and 5322(a) because they:
 
 
 7
 knowingly were about to transport, and did attempt to transport monetary instruments of more than $10,000 ... to a place inside the United States ... from a place outside the United States ... and willfully failed to declare the same and file a report....
 
 
 8
 (Emphasis added). Similarly, the jury was instructed to find that Rathbun "knowingly was about to transport, or did attempt to transport " the currency (emphasis added). Rathbun claims that the indictment and instructions were in error because 31 U.S.C. § 5316 does not criminalize such "attempts."[2] Therefore, Rathbun contends that Count Two should have been dismissed. We find that neither the denial of the motion to dismiss nor the formulation of the jury instructions was in error.
 
 
 9
 A district court's denial of a motion to dismiss an indictment based on its interpretation of a federal statute is reviewed de novo. United States v. Dahms, 938 F.2d 131, 133 (9th Cir.1991). This circuit has held that:
 
 
 10
 an indictment must provide a defendant with a description of the charges against him sufficient: (1) to enable him to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of facts presented to the grand jury; (3) to enable him to plead double jeopardy against a later prosecution; and (4) to inform the court of the facts alleged so that it can determine the sufficiency of the charge.
 
 
 11
 United States v. Jenkins, 785 F.2d 1387, 1392 (9th Cir.), cert. denied sub nom. Prock v. United States, 479 U.S. 855, cert. denied sub nom. White v. United States, 479 U.S. 889 (1986). Appellant does not claim that he objected to the jury instruction at trial. When there is no objection to an instruction, the court will review only for plain error. United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991).
 
 
 12
 While it is true that the word "attempt" does not appear in 31 U.S.C. § 5316, such attempts are addressed by the currency reporting regulations. Count Two also charged Rathbun with violation of 31 U.S.C. § 5322(a), under which "[a] person willfully violating this subchapter or a regulation prescribed under this subchapter " may be punished (emphasis added). These regulations require "[e]ach person who ... attempts to physically transport, mail or ship, or attempts to cause to be physically transported, mailed or shipped" over $10,000 to make a report. 31 C.F.R. § 103.23(a) (1991) (emphasis added).
 
 
 13
 Appellant is correct that § 5322 is only the penalty section of the statute. But the indictment charged a violation of both §§ 5316 and 5322. Because § 5322 explicitly incorporates these regulations, we find that Rathbun had sufficient notice that he could be held responsible for the regulations under § 5322, and was properly convicted of an attempt.
 
 3. Imposition of a Fine
 
 14
 In its counterclaim, the government alleges that Rathbun's sentence violates 18 U.S.C. § 3742 because it does not include a fine. The Guidelines require the imposition of a fine within the applicable range unless the defendant establishes his or her inability to pay. U.S.S.G. § 5E1.2(a), (b). Appellant concedes that the government is correct. Because we affirm Rathbun's conviction, we remand the case for the imposition of a fine unless it is established before the district court that Rathbun is unable to pay.
 
 AFFIRMED IN PART AND REMANDED IN PART
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 An identical result was reached in one of the cases relied upon by Appellant. See United States v. Hutchinson, 488 F.2d 484, 490 n. 13 (8th Cir.1973), cert. denied sub nom. Ennis v. United States, 417 U.S. 915 (1974)
 
 
 [2]
 Title 31 U.S.C. Section 5316(a) requires the filing of a report whenever a "person, agent, or bailee knowingly":
 (1) transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time ...
 (B) to a place in the United States from or through a place outside the United States....